# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

CONOR JAMES HARRIS,

    Petitioner,

v.

BRIAN WILLIAMS,

    Respondent.

Case No.: 2:19-cv-01180-KJD-EJY

**ORDER**

In compliance with this court's order of August 16, 2019, Conor James Harris, a Nevada prisoner, has paid the filing fee for his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF Nos. 3/8.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) requires the court to make a preliminary review of each petition for writ of habeas corpus. The court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990); *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the

petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; *O'Bremski v. Maass*, 915 F.2d at 420 (quoting *Blackledge v. Allison*, 431 U.S. 63, 75 n. 7 (1977)). Allegations in a petition that are vague, conclusory, patently frivolous or false, or palpably incredible are subject to summary dismissal. *Hendricks v. Vasquez*, 908 F.2d at 491.

In Ground One of his petition, Harris claims a constitutional violation arising from the state court's dismissal of his state collateral proceedings based on laches or untimeliness. ECF No. 6; p. 3, 15-17. This claim fails because "federal habeas relief is not available to redress alleged procedural errors in state post-conviction proceedings." *Ortiz v. Stewart*, 149 F.3d 923, 939 (9th Cir. 1998). *See also Gerlaugh v. Stewart*, 129 F.3d 1027, 1045 (9th Cir. 1997) (errors allegedly occurring during state post-conviction proceedings are not cognizable in a federal habeas action); *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) ("A [habeas corpus] petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings.").

In Ground Two, Harris alleges that "[a]ll state and federal laws regarding juvenile sentencing policies and procedures that do not include 18 year-old offenders are contrary to the very facts material to justify said laws, and [thus] are unconstitutional in their application." Harris is serving two consecutive life sentences without possibility of a parole for a murder he committed with a deadly weapon when he was 18 years old. *Id*., p. 10-11, 13. Though inartfully-drafted, Ground Two appears to be alleging a claim under *Miller v. Alabama*, 567 U.S. 460 (2012).

In *Miller*, "the Court held that a juvenile convicted of a homicide offense could not be sentenced to life in prison without parole absent consideration of the juvenile's special

2

circumstances in light of the principles and purposes of juvenile sentencing." *Montgomery v. Louisiana*, 136 S. Ct. 718, 725 (2016). Accordingly, the Court in *Miller* held "that mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" *Miller*, 567 U.S. at 465. The Court in *Montgomery* held that *Miller*'s prohibition on mandatory life without parole for juvenile offenders announced a new substantive rule that, under the Constitution, is retroactive in cases on state collateral review. *Montgomery*, 136 S.Ct. at 736.

      The U.S. District Court for the District of Connecticut, in a case Harris cites, recently rejected an argument "that *Miller* drew a bright line at 18 years old, which prevents this court from applying the rule in *Miller* to an 18-year-old." *Cruz v. United States*, 2018 WL 1541898, at *15 (D. Conn. Mar. 29, 2018). The court determined "that *Miller* applies to 18-year-olds and thus that 'the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole' for offenders who were 18 years old at the time of their crimes." *Id.* at *25 (quoting *Miller*, 567 U.S. at 479). In addition, there is case law supporting an argument that *Miller* is not confined to instances in which the life without possibility of parole sentence was imposed under a mandatory penalty scheme. *See*, *e.g.*, *Malvo v. Mathena*, 893 F.3d 265, 274 (4th Cir. 2018), *cert. granted*, 139 S. Ct. 1317 (2019). Thus, this court is not convinced, at this point, that *Miller* relief is not available to Harris merely because the sentencing court retained discretion to impose a sentence less than life without possibility of parole.

This court reserves judgment as to merits of Harris's *Miller* claim.[1] He has, however, alleged facts that point to a real possibility of constitutional error. Accordingly, his petition is not subject to summary dismissal and merits service upon the respondents.

In addition, the court will grant Harris's motion for appointment of counsel. "Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (citing *Kreiling v. Field*, 431 F.2d 638, 640 (9th Cir. 1970) (per curiam). The court may, however, appoint counsel at any stage of the proceedings "if the interests of justice so require." *See* 18 U.S.C. § 3006A; *see also* Rule 8(c), Rules Governing § 2254 Cases; *Chaney*, 801 F.2d at 1196. The issues discussed above implicate relatively complex legal analysis, and it appears that Harris may not be able to adequately litigate those issues without counsel. Therefore, the court finds that appointment of counsel is in the interests of justice.

**IT IS THEREFORE ORDERED** that the Clerk of Court shall add Aaron D. Ford, Attorney General of the State of Nevada, as counsel for respondents.

**IT IS FURTHER ORDERED** that the Clerk shall electronically serve upon respondents a copy of the petition for writ of habeas corpus, and a copy of this order.

**IT IS FURTHER ORDERED** that respondents shall have 20 days from the date on which the petition is served upon them to appear in this action. Respondents will not be required to respond to the habeas petition at this time.

---

[1] The court also notes that there is some question as to whether the claim has been procedurally defaulted due to Harris's failure to timely present it to the Nevada courts. ECF No. 6, p. 15-17. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

4

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel (ECF No. 2) is GRANTED. The Federal Public Defender for the District of Nevada (FPD) is appointed to represent petitioner. If the FPD is unable to represent the petitioner, due to a conflict of interest or other reason, then alternate counsel will be appointed. In either case, counsel will represent the petitioner in all federal-court proceedings relating to this matter, unless allowed to withdraw.

**IT IS FURTHER ORDERED** that the Clerk shall electronically serve upon the FPD a copy of this order, together with a copy of the petition for writ of habeas corpus.

**IT IS FURTHER ORDERED** that the FPD shall have 20 days from the date of entry of this order to file a notice of appearance, or to indicate to the court its inability to represent the petitioner in this case.

**IT IS FURTHER ORDERED** that the court will establish a schedule for further proceedings after counsel appear for the petitioner and the respondents.

Dated: October 15, 2019

_____
UNITED STATES DISTRICT JUDGE